**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

MILENA CABRERA,                                                       CASE NO.: 9:21-cv-80371

      Plaintiff,

v.

WAL-MART STORES EAST, LP and
ERNEST REMAS,

      Defendants.
_____/

**DEFENDANT, WAL-MART STORES EAST L.P's.,
NOTICE OF REMOVAL**

Defendant, Wal-Mart Stores East, L.P. ("Wal-Mart"), by and through its undersigned counsel and pursuant 28 U.S.C. §§ 1332, 1441 and 1446(b)(1), and Rule 81(c) of the Federal Rules of Civil Procedure, removes to this Court the action filed in the 15th Judicial Circuit Court in and for Palm Beach County, Florida, Case No. 50-2020-CA-010634, with full reservation of rights, exceptions and defenses, and in support thereof state:

**FACTUAL BACKGROUND**

1. On September 30, 2020, Plaintiff commenced this action by filing a complaint against Wal-Mart, and Charles Coleman in the 15th Judicial Circuit in and for Palm Beach County, Florida.

2. On December 4. 2020, Plaintiff filed an Amended Complaint whereby she dropped Charles Coleman from the action and added the store manager,[1] Ernest Remas ("Remas"). *See* Pl.'s Amended Complaint attached as Ex. "A."

---

[1] Plaintiff incorrectly alleges that Remas is the store manager, but he is an assistant store manager.

CASE NO.: 9:21-cv-80371

3. On January 20, 2021, Remas was served with Plaintiff's Amended Complaint and Wal-Mart was served on February 2, 2021.

4. On February 9, 2021, Wal-Mart filed its Answer and Affirmative Defenses to the Amended Complaint. On this same day, Remas filed his Motion to Dismiss Count II of the Amended Complaint.

5. Plaintiff's Amended Complaint against Wal-Mart and assistant store manager, Remas, are for claims sounding in negligence as a result of injuries which the Plaintiff Milena Cabrera allegedly sustained on November 10, 2018, arising from an incident at the subject Wal-Mart store located at 9990 Belvedere Rd., West Palm Beach, FL 33411. *See* Ex. "A" at ¶¶ 4-16.

6. Plaintiff Milena Cabrera alleges that she fell because of a liquid on the floor near the checkout registers of the store. *Id.* at ¶ 7.

7. Plaintiff's Amended Complaint specifically defines the store manager as Remas, yet it fails to allege that Remas was the employee who caused the dangerous condition of the liquid on which the Plaintiff allegedly fell. Instead, Plaintiff merely alleges that she was injured when she slipped and fell because of a liquid on the floor near the checkout registers. *Id.* at ¶ 7.

8. As to Wal-Mart, Plaintiff alleges that Wal-Mart breached a duty owed to the Plaintiff by, including but not limited to: allowing and [*sic*] unreasonably dangerous condition to exist on its premises, to wit: liquids such as water and/or other substances accumulating on the floor; failing to reasonably inspect the premises to detect hazards such as liquids, water and/or other substances on the floor; failing to warn of a hazard such as liquids, water and/or other substances on the floor; and failing to timely respond to spills. *Id.* at ¶ 9.

9. As for co-defendant, assistant store manager, Remas, Plaintiff alleges that in his managerial capacity at Wal-Mart he owed a duty to invitees such as Plaintiff, to take appropriate measures to maintain the premises in a reasonable safe condition. *Id.* at ¶ 14. Plaintiff also alleges

CASE NO.: 9:21-cv-80371

a laundry list of boilerplate allegations that Remas breached his duty to Plaintiff by: allowing and [*sic*] unreasonably dangerous condition to exist on its premises, to whit [*sic*]: liquids such as water and/or other substances accumulating on the floor; failing to reasonably inspect the premises to detect hazards such as liquids, water and/or other substances on the floor; failing to warn of a hazard such as liquids, water and/or other substances on the floor; failing to train staff and/or employees on proper spills response procedures; and/or failing to train staff and/or employees on proper dry-mop procedures. *Id*. at ¶ 15.  Although Remas was the assistant store manager at the time of the incident, he did not actively participate in bringing about Plaintiff's incident. *See* Ernest Remas' Declaration attached as Exhibit "B."  Further, he has not at any time owned, controlled or operated the subject Wal-Mart, neither in his individual capacity nor as an assistant store manager. *See*, Ex. "B" at ¶ 6.  Accordingly, he does not owe any such duty to Plaintiff in his individual capacity.  Likewise, Remas does not have any employees of his own as he is not a corporate entity but an individual.  Similarly, Remas does not have his own safety procedures which he failed to follow in his individual capacity.

10.     Plaintiff's Amended Complaint ***fails to allege any facts indicating that Remas was actively negligent by actively participating*** in and committing any tort to cause Plaintiff's incident. Furthermore, the Amended Complaint fails to even allege that Remas was ever on duty at the time of the Plaintiff's incident. Instead, the Plaintiff merely erroneously alleges that Remas is the store manager at the store, owed and breached a duty to Plaintiff. There are no allegations within the Amended Complaint, indicating that Remas *actively* brought about Plaintiff's incident – which Plaintiff cannot.

11.     As shown more fully below, it is evident that Plaintiff's Amended Complaint fails to allege any facts that Remas had any active participation and active involvement in the alleged incident. *See* Ex. "B."

CASE NO.: 9:21-cv-80371

12. Rather, the Plaintiff joined Remas to this lawsuit solely to destroy diversity jurisdiction.

13. The Plaintiff Milena Cabrera is a resident of Palm Beach County, which is the county where the incident occurred.[2] *See,* Ex. "A" at 2.  It is well-established that residency is *prima facie* evidence of domicile, which is equivalent to citizenship for purposes of diversity of citizenship.

14. Further, Plaintiff alleges in her pre-suit demand letter, that as of February 12, 2020, her ***past medical bills already total over $75,158.03, excluding prescription medications***. *See* Plaintiff's Pre-Suit Demand Letter attached as Exhibit "C" at 8, 10.  Further, in her ***pre-suit demand letter, she is offering to settle this claim for $875,000.00***.  *Id* at 8.

15. This action is removable based on diversity of citizenship of the parties, and because the claimed amount in controversy is in excess of $75,000.00, exclusive of interest, attorneys' fees, and costs.

16. Wal-Mart requests this Court disregard the citizenship of Remas when determining that diversity jurisdiction exists in this case, and to dismiss Remas as he did not actively participate in bringing about Plaintiff's incident.  Nor does the Amended Complaint allege *any facts* indicating that Remas actively participated in bringing about Plaintiff's incident.

17. Wal-Mart attaches hereto and incorporates into this Notice a copy of the process, pleadings, and other papers filed in the 15th Judicial Circuit in and for Palm Beach County, Florida together with a docket sheet from the Clerk of Court. *See* The state court docket filings are attached as Composite Exhibit "D".

---

[2] On February 12, 2020, Plaintiff sent her 'Demand Package' to claims management of Wal-Mart consisting of a copy of her current Florida Driver's License and various medical records in connection with this incident. Plaintiff's address throughout these documents reveal that she is domiciled in Palm Beach County.

CASE NO.: 9:21-cv-80371

18. Wal-Mart attaches the Civil Cover Sheet as Exhibit "E".

19. Wal-Mart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## REMOVAL IS TIMELY

20. In accordance with 28 U.S.C. § 1446(b)(1), Wal-Mart files this Notice of Removal within thirty (30) days of the date that it received a copy of Plaintiff's operative complaint, the Amended Complaint. Plaintiff's Amended Complaint is the pleading setting forth the claim for relief upon which Plaintiff's action is based.

21. The thirty (30) day period commenced on January 20, 2021, when Plaintiff served her Amended Complaint upon Remas. *Massey v. SOKC, LLC,* 2012 U.S. Dist. LEXIS 147911 (M.D. Fla. October 15, 2012) ("Where a plaintiff files an amended complaint adding a party defendant, the amended complaint becomes the operative complaint for purposes of determining jurisdiction at removal.")

22. Prior to the service of Plaintiff's Amended Complaint, Plaintiff sent Wal-Mart a written pre-suit demand outlining Plaintiff's claimed damages inclusive of actual medical expenses in connection with her alleged incident. *See* Ex. C.

23. Venue exists in the United States District Court for the Southern District of Florida, West Palm Beach Division, because the 15th Judicial District in and for West Palm Beach County, where Plaintiff filed her state court Amended Complaint is located in Palm Beach County Florida, which is located within the United States District Court for the Southern District of Florida, West Palm Beach, Florida.

## DIVERSITY OF CITIZENSHIP

24. Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00,

CASE NO.: 9:21-cv-80371

exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 U.S.C. § 1332(a)(1).

### A. Citizenship of Wal-Mart Stores East, LP.

25.   At the time of the alleged incident, and currently, Wal-Mart Stores East, LP is a limited partnership which currently is, and was at the time of the Amended Complaint, a Delaware Limited Partnership with its principal place of business in the State of Arkansas. *See* SunBiz Report attached as Ex. "F." WSE Management, LLC is the general partner and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP. These are the only partners of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investment, LLC were at the time of filing the Amended Complaint, and still are, Delaware limited liability companies. The sole member of WSE Management, LLC and WSE Investment, LLC is, and was at the time of filing the Amended Complaint, Wal-Mart Stores East, LLC, an Arkansas Limited Liability Company. The sole member of Wal-Mart Stores East, LLC is, and was at the time of filing the Amended Complaint, Wal-Mart Stores, Inc. Wal-Mart Stores Inc., is, and was at the time of filing the Amended Complaint, an incorporated entity under the laws of the State of Delaware. Wal-Mart Stores Inc., at the time the Amended Complaint was filed and presently, incorporated in the State of Delaware. The principal place of business for all of the above mentioned entities (Wal-Mart Stores East, LP; WSE Management, LLC; WSE Investment, LLC; Wal-Mart Stores East, LLC; and Wal-Mart Stores, Inc.) is, and was at the time of filing the Amended Complaint, Bentonville, Arkansas.

### B. Citizenship of Plaintiff, Milena Cabrera.

26.   Plaintiff, Angela L. Price, is a resident of Palm Beach County, Florida. *See* Ex. "A." Although Plaintiff's Amended Complaint does not specifically state Plaintiff's citizenship, "[i]t is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or

CASE NO.: 9:21-cv-80371

purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (S.D.Fla.) (Cohn, J) (internal citations omitted).

27. Here, Plaintiff's driver's license and various medical records/bills reveal that she is a resident of Palm Beach County. Plaintiff's Palm Beach County, Florida residence is prima facie evidence of her domicile which is equivalent to citizenship for purposes of establishing diversity in this case. *See Katz,* 2009 WL 1532129 at *3.

**C. Complete Diversity Between the Parties Exists Because Ernest Remas Was Fraudulently Joined to Defeat Diversity Jurisdiction.**

28. The citizenship of co-defendant, Remas, should be disregarded because he was fraudulently joined in an attempt to destroy otherwise valid diversity jurisdiction. *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011); *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006); *Evelyne Petigny v. Wal-Mart Stores East, L.P.,* Case No. 18-23762-CIV-MORENO, ECF. No. 19, (S.D. Fla. November 14, 2018); *Franco v. Wal-Mart Stores East, L.P.,* Case No. 16-20706-CIV-MORENO, ECF No. 17 (S.D. Fl. March 10, 2016); *Edman v Wal-Mart Stores East, L.P.,* Case No. 9:19-CV-80356-DMM, ECF No. 20 and ECF No. 21, (S.D. Fla. May 6, 2019). *Jennifer Roman v. Wal-Mart Stores East, L.P*., 20-80869-Civ-Smith, ECF No. 10 (S.D. Fla. September 1, 2020).

29. Courts routinely disregard the citizenship of fraudulently joined parties when determining whether diversity jurisdiction exists. *Stillwell v. Allstate Ins. Co.*, 663 F.3d at 1332. A defendant seeking to prove that a co-defendant was fraudulently joined must demonstrate by clear and convincing evidence either that: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently plead jurisdictional facts to bring the resident defendant into the state court. *See Stillwell*, 663 F.3d at 1332; *Henderson*, 454 F.3d at 1281.

CASE NO.: 9:21-cv-80371

30. The determination of whether the resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits submitted by the parties. *See Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).

31. The issue of whether there is no possibility the plaintiff can establish a cause of action against the resident defendant turns on whether liability can be imposed on the resident defendant. *Hunt v. Target Corp.*, Case No. 14-80266-CIV, 2014 U.S. Dist. LEXIS 54179, at *3-5 (S.D. Fla. Apr. 18, 2014); *Tynes v. Target Corp.*, Case No. 12-24302-CIV, 2013 U.S. Dist. LEXIS 40355, at *4-5 (S.D. Fla. Mar. 22, 2013). If a defendant shows that "there is no possibility that plaintiff can establish a cause of action against the resident defendant . . . the federal court must dismiss the non-diverse defendant and deny any motion to remand the matter back to state court." *Florence v. Crescent Resources, LLC,* 484 F.3d 1293, 1297 (11th Cir. 2007)

32. Under Florida law, "a corporate agent or employee may not be held personally liable simply because of his general administrative responsibility or performance of some function of his employment – **he or she must be actively negligent.**" *Id* (quoting *McElveen v. Peeler*, 554 So.2d 270, 272 (Fla. 1st DCA 1989); *see also Niurka De Varona v. Discount Auto Parts, LLC.*, 860 F. Supp. 2d 1344, 1348 (S.D. Fla. 2012) (quoting *Orlovsky v. Solid Surf.*, 405 So.2d 1363, 1364 (Fla. 4th DCA 1981) ("[i]t is well established under Florida law that ***[a store manager] does not incur personal liability for the corporation's tort merely by reason of the officer's official character***")).

33. In *Tynes*, the plaintiff, a Florida citizen, filed a complaint in state court alleging negligence against Target Corporation, a Minnesota citizen, and an unnamed employee, John Doe, arising from a slip and fall incident inside a Miami Target store. *Tynes*, 2013 U.S. Dist. LEXIS 40355, at *1. The defendant removed the case seeking to invoke diversity jurisdiction. *Id* at *1.

CASE NO.: 9:21-cv-80371

Plaintiff moved to remand the case because the plaintiff identified through discovery the identity of John Doe—Target employee Wilbert A. Hernandez—and claimed that he was a resident of Miami-Dade County. *Id* at *2. In denying plaintiff's motion to remand, the court found there was little possibility that the plaintiff could prove a cause of action for negligence against Mr. Hernandez because the plaintiff failed to allege any individual duty was owed or that the tort in question was committed in the store manager's individual capacity. *Id*. at *4-6.

34.  *In Niurka De Varona*, the plaintiff, a Florida citizen, filed a negligence claim against Advance Auto Parts, a Virgina Corporation. *Niurka De Varona*, 860 F. Supp. 2d at 1345. Plaintiff amended her complaint and named the store manager, a Florida resident, as a joint defendant asserting a separate count of negligence against the store manager. *Id.* Specifically, the plaintiff alleged the store manager had a duty to use ordinary care to maintain the store premises in a reasonable safe condition and was negligent by failing to remove the dangerous condition or warn the plaintiff of it. *Id*. Thereafter, the defendant removed the case arguing the citizenship of the store manager should be disregarded because he was fraudulently joined solely to avoid federal jurisdiction. *Id.* at 1346. In support of its notice of removal, Advance Auto Parts presented an affidavit from the store manager denying any personal responsibility for the plaintiff's incident, attesting that he was not in the parking lot when the alleged accident occurred, that he could not see the parking lot from his vantage point in the store, and that he had no knowledge of any hazardous condition in the parking lot on the date of the incident. *Id*. The court denied the plaintiff's motion to remand the stating "plaintiff has provided no facts showing that [the store manager] played any role in her injuries" and that ***a store manager does not incur personal liability for a corporation's torts merely by reason of the store manager's official title.*** *See id*. (citing *Orlovsky*, 405 So. 2d at 1364).

CASE NO.: 9:21-cv-80371

35. Similarly, in *Pritchard,* the court also denied plaintiff's motion to remand because the plaintiffs failed to point to any evidence in support of their claim that the store manager was actively negligent. *Pritchard v. Wal-Mart Stores, Inc.*, Case No. 8:09-cv-46, 2009 U.S. Dist. LEXIS 18593, at *7. In *Pritchard*, the plaintiffs filed suit against defendants Wal-Mart and one of its store manager in state court alleging claims of negligence and loss of consortium. *Id*. at *1. The plaintiffs alleged the store manager owed a duty to plaintiffs to exercise reasonable care in the maintenance, inspection, repair, warning, and mode of operation of the premises,3 and the store manager breached those duties by acting negligently in falling to exercise reasonable care in the maintenance, inspection, repair, warning, and mode of operation of the premises. *Id*. Wal-Mart removed the case based upon diversity jurisdiction despite the Florida citizenship of the store manager pursuant to the fraudulent joinder doctrine. *Id*. Thereafter, the store manager filed a motion to dismiss based on fraudulent joinder. *Id*. The defendants submitted a declaration from the store manager, in which she stated she had no prior knowledge of the dangerous condition, and no one, including customers from her store, notified her of the dangerous condition prior to the plaintiff's incident. *Id*. at *2. Wal-Mart submitted evidence that the store manager was not personally involved in the incident at issue, and as such, the store manager could not be found to be actively negligent. *Id.* at *3. The court agreed with Wal-Mart that the store manager was fraudulently joined as a defendant because the plaintiffs could not establish that the store manager was personally at fault for the plaintiffs' injuries as there was no evidence to support that the store manager was actively negligent. *Id*. The court denied the plaintiffs' motion to remand and granted the store manager's motion to dismiss. *Id.*

---

[3] Under Florida law, negligent mode of operation claims based upon transitory foreign substances are no longer a viable cause of action since the enactment of Florida Statute section 768.0755. *See Pembroke Lakes Mall Ltd. v. McGruder*, 137 So. 3d 418 (Fla. 4th DCA 2014). To be clear, *Pritchard* did not involve a transitory foreign substance.

CASE NO.: 9:21-cv-80371

36. Further, in *Evelyne Petigny v. Wal-Mart Stores East, L.P.,* and *Franco v. Wal-Mart Stores East, L.P.,* Judge Moreno dismissed the store employees who had been sued in their capacity as Wal-Mart managers on the basis that Plaintiff failed to allege any facts that the store managers were actively negligent (i.e. actively participated in braining about the plaintiff's incident. *See Evelyne Petigny v. Wal-Mart Stores East, L.P.,* Case No. 18-23762-CIV-MORENO, ECF. No. 19, (S.D. Fla. November 14, 2018); *Franco v. Wal-Mart Stores East, L.P.,* Case No. 16-20706-CIV-MORENO, ECF No. 17 (S.D. Fla. March 10, 2016).

37. In a factually similar case, *Edman v Wal-Mart,* the plaintiff alleged that she was struck in the back by a stock cart while she was shopping at a Wal-Mart store. *Edman v Wal-Mart Stores East, L.P.,* Case No. 9:19-CV-80356-DMM, at D.E. 20 and DE. 21, (S.D. Fla. May 6, 2019). The plaintiff sued both Wal-Mart and the store manager, Michael Gillespie. *Id.* The Honorable Judge Middlebrooks granted Michael Gillespie's Motion to dismiss [at ECF No. 21] as the plaintiff's complaint failed to allege that Michael Gillespie actively participated in bringing about the Plaintiff's incident, and subsequently denied Plaintiff's Motion to Remand. *Edman v Wal-Mart Stores East, L.P.,* Case No. 9:19-CV-80356-DMM, at DE. 21, (S.D. Fla. May 6, 2019).

38. In *Jennifer Roman v. Wal-Mart Stores East, L.P.*, 20-80869-Civ-Smith, ECF No. 10 (S.D. Fla. September 1, 2020), the Plaintiff likewise filed a lawsuit against Wal-Mart and its manager claiming negligence as a result of her being struck by a supply cart. *Id.* On Plaintiff's Motion for Remand, the Court held that even though the store manager was on duty at the time of the Plaintiff's incident, Plaintiff failed to state a colorable claim against the manager when she failed to show any facts proving that the manager caused the supply cart to strike her, that the manager was in the area when she was hit by a supply cart or that the manager even knew of her being hit by a supply cart. *Id.* The Court concluded that absent any showing of any personal involvement on the part of the store manager, he was fraudulently joined and denied the

CASE NO.: 9:21-cv-80371

plaintiff's motion for remand of action to state court.  *Id.*

39. In the instant case, Remas was the assistant store manager at the subject Wal-Mart store where the Plaintiff's incident allegedly occurred on November 10, 2018, however, Plaintiff fails to allege that Remas was personally involved in Plaintiff's incident.  That is because Plaintiff cannot possibly prove a cause of action for negligence against him because he was not actively negligent and had no personal involvement in Plaintiff's incident. *See Niurka De Varona*, 860 F. Supp. 2d at 1347; *Pritchard*, 2009 U.S. Dist. LEXIS 18359, at *7; *Franco v. Wal-Mart Stores East, L.P.,* Case No. 16-20706-CIV-MORENO, ECF No. 17 (S.D. Fl. March 10, 2016); *Edman v Wal-Mart Stores East, L.P.,* Case No. 9:19-CV-80356-DMM, ECF No. 20 and ECF No. 21, (S.D. Fla. May 6, 2019). *Jennifer Roman v. Wal-Mart Stores East, L.P.*, 20-80869-Civ-Smith, ECF No. 10 (S.D. Fla. September 1, 2020).

40. Most importantly, Remas did not commit or participate in Plaintiff's alleged tort and did not play any role in Plaintiff's alleged injuries as he:

   a. did not witness Plaintiff's incident;

   b. did not personally participate in the events leading up to Plaintiff's alleged incident nor did he individually engage in tortious conduct;

   c. did not create a dangerous condition of a liquid on the floor near the checkout registers on November 10, 2018, or any other day;

   d. did not have any knowledge of the subject dangerous condition of a liquid on the floor in the area of Plaintiff's incident immediately prior to same;

   e. did not have any knowledge of a Wal-Mart employee creating a dangerous condition of a liquid on the floor in the area of Plaintiff's incident immediately prior to same;

CASE NO.: 9:21-cv-80371

    f.    did not observe the subject dangerous condition of a liquid on the in the area of Plaintiff's incident immediately prior to same, nor did he cause the subject dangerous condition of a liquid on the floor to be in the area of Plaintiff's incident immediately prior to same;

    g.    did not place any liquid near the checkout registers of the store where Plaintiff's incident occurred;

    h.    was not in the area of Plaintiff's alleged incident prior to her alleged incident, nor was he in the area of the incident at the time of Plaintiff's incident. *See* Ex. B.

41.    Therefore, Remas had no knowledge of the alleged dangerous condition prior to Plaintiff's incident and had no involvement therewith. *See id.; see also Niurka De Varona*, 860 F. Supp. 2d at 1347; *Pritchard*, 2009 2009 U.S. Dist. LEXIS at *7; *Evelyne Petigny v. Wal-Mart Stores East, L.P.,* Case No. 18-23762-CIV-MORENO, ECF. No. 19, (S.D. Fla. November 14, 2018); *Franco v. Wal-Mart Stores East, L.P.,* Case No. 16-20706-CIV-MORENO, ECF No. 17 (S.D. Fl. March 10, 2016).

42.    Essentially, Plaintiff has sued Remas because Plaintiff has erroneously discovered he could have been the assistant store manager on the day of the incident. As discussed above, this is contrary to Florida law.

43.    This is particularly clear in light of the fact that Plaintiff's Amended Complaint ***fails to allege any facts indicating Remas was actively negligent by actively participating*** in and committing any tort to cause Plaintiff's incident. Furthermore, the Amended Complaint fails to even allege that Remas was ever on duty at the time of the Plaintiff's incident. Instead, Plaintiff merely alleges Remas was the store manager at the store (which is not the case). The Plaintiff's Amended Complaint specifically defines the store manager as Remas, yet fails to allege that Remas was the employee who created a dangerous condition of a liquid on the floor near the checkout registers where the Plaintiff allegedly fell. Instead, Plaintiff merely alleges that

13
**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

CASE NO.: 9:21-cv-80371

she was injured when she slipped and fell because of a liquid on the floor near the checkout registers. See Ex. "A" at ¶ 7.

44. After disregarding the fraudulently joined defendant, there can be no dispute that the citizenship of the Parties is diverse.

## AMOUNT IN CONTROVERSY

45. The amount in controversy exceeds $75,000.00. Although Plaintiff's Amended Complaint does not specify an amount in controversy other than the state court jurisdictional minimum, it is clear from Plaintiff's pre-suit demand that her claimed damages exceeds the jurisdictional minimum in this Court of $75,000.00. *See Katz v. J.C. Penney Corp., Inc.*, 09-CV-60067, 2009 U.S. Dist. LEXIS 51705 at *5 (S.D. Fla. June 1, 2009) (concluding the defendant met its jurisdictional burden of establishing the amount in controversy based on information received from the plaintiffs in the pre-suit demand package); *see also Mick v. De Vilbiss Air Power Co.,* No. 6:10-CV-1390-ORL, 2010 WL 5140849, at *1 (M.D. Fla. Dec. 14, 2010) (discussing pre-suit demand letters are competent evidence of the amount in controversy.).

46. Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

47. "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz,* 2009 U.S. Dist. 51705, at *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a district court may consider evidence outside of the removal petition if the facts

CASE NO.: 9:21-cv-80371

therein existed at the time of removal." *Id* (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000)). "Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed." *Id*.

48. In the present case, the relevant portions of Plaintiff's $875,000.00 pre-suit demand conclusively establish that the amount in controversy exceeds the $75,000.00 jurisdictional minimum. Notably, Plaintiff's medical bills totaled $75,158.03 as of February 12, 2020. *See Ex.* "C."

49. Admittedly, Plaintiff demanded $875,000.00 to settle her claims which are inclusive of past medical expenses; future medical expenses and care; and pain and suffering. *Id*.

50. Additionally, Plaintiff alleges damages for sustained permanent injuries, physical and mental pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, loss of earnings and impairment of earning capacity and/or aggravation of a pre-existing condition. See Ex. "A" at ¶ 12.

51. The well-established rule adopted by the Eleventh Circuit states that Wal-Mart can offer its own affidavits, declarations, or other documentation to establish federal removal jurisdiction and there is no limitation on the type of evidence that a defendant could offer once it timely files a notice of removal. *See Pretka v. Kolter City Plaza, II, Inc*., 608 F.3d 759 (11th Cir. 2010) (discussing the binding law in the Eleventh Circuit that a defendant may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal) (emphasis added); *Williams v. Best Buy Co., Inc*., 269 F.3d 1316, 1319 (11th Cir. 2001).

52. Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the

CASE NO.: 9:21-cv-80371

amount in controversy more likely than not exceeds the … jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353, 1357 (11th Cir. 1996), abrogated on other grounds by *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000) (discussing that when a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the … jurisdictional requirement).

53. Moreover, Eleventh Circuit precedent permits district courts to use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010) (quoting *Pretka*, 608 F.3d at 754). Furthermore, a removing defendant, like Wal-Mart, is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. *See Pretka*, 608 F.3d at 754. All that is required is that Wal-Mart show, by a preponderance of the evidence, that the amount in controversy in the instant case exceeds $75,000.00. Id. at 752.

54. For example, in *Katz v. J.C. Penney Corp.*, the court concluded that the removing defendant properly established the amount in controversy by addressing information received from Plaintiff's pre-suit demand package. *Katz,* 2009 U.S. Dist. LEXIS 51705 at *4. The court specifically noted it was persuaded that the pre-suit demand package reflected an honest assessment of damages by plaintiffs because, like Plaintiff's pre-suit demand letter in this case, it was based on medical records provided by the plaintiff. *Id.* Accordingly, Wal-Mart has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum, rendering removal proper.

55. The Plaintiff's pre-suit demand letter supported with medical bills conclusively establish that the amount in controversy exceeds the $75,000.00 jurisdictional

CASE NO.: 9:21-cv-80371

minimum. Specifically, pursuant to her pre-suit demand dated February 12, 2020, her medical bills incurred as a result of the incident at Wal-Mart were $75,158.03. See Ex. "C."

56.     These representations sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction.

## V. CONCLUSION

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because there exists complete diversity in this matter as the Plaintiff and Wal-Mart are citizens of different states, and the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs. Upon filing of this Notice of Removal, Wal-Mart will promptly give written notice to Plaintiff, through her attorneys of record, and the Clerk of the Circuit Court for the 15th Judicial Circuit in and for Palm Beach County, Florida.

**WHEREFORE**, Defendant, WAL-MART STORES EAST, L.P.,, respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Case No. 50-2020-CA-010634, on the docket of the Court for the 15th Judicial Circuit in and for Palm Beach County, Florida, be removed from that Court to the United States District Court for the Southern District of Florida, West Palm Beach Division, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Wal-Mart is entitled.

Respectfully submitted,

**LIEBLER, GONZALEZ & PORTUONDO**
*Attorneys for Defendants*
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400
service@lgplaw.com

CASE NO.: 9:21-cv-80371

By: */s/ Christine M. Manzo*
CHRISTINE M. MANZO
Florida Bar No. 52121
NICHOLAS G. NEVILLE
Florida Bar No. 123893

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 19, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

*/s/ Christine M. Manzo*
CHRISTINE M. MANZO

### SERVICE LIST

*Attorneys for Plaintiff*
Kristian Bie, Esq.
Fetterman & Associates
648 US Highway One
North Palm Beach, Fl 33408
kbie@lawteam.com